UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDDIQUI ENTERPRISES, LLC                        CIVIL ACTION

VERSUS                                            NO. 23-4329

INDEPENDENT SPECIALTY INSURANCE                  SECTION "J"(1)
COMPANY, ET AL

## ORDER AND REASONS

Before the Court is a *Motion to Compel Arbitration and Stay, or Alternatively Dismiss Proceedings* **(Rec. Doc. 18)** filed by Defendants, Independent Specialty Insurance Company ("ISIC"), and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B6045105686220021[1] ("Lloyds", and collectively, the "Insurers"). Plaintiff Siddiqui Enterprises, LLC opposed the motion; (Rec. Doc. 23); and Defendants filed a reply; (Rec. Doc. 26). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff owns and operates a Comfort Inn hotel in St. Rose, Louisiana, which sustained damage during Hurricane Ida on August 29, 2021. At the time, the hotel was insured by a surplus lines commercial property insurance policy (the "Policy") issued by the Insurers, and Plaintiff submitted a claim with the Insurers for its loss.

---

[1] Multiple members subscribe to portions of the policy with Lloyds though syndicates. In this case, RenRe UK and RenaissanceRE Specialty U.S. LTD (private limited companies incorporated in England and Wales and Bermuda, respectively) subscribed to this Lloyds policy. (Rec. Doc. 18-1, at 3-4).

1

Plaintiff alleges that the Insurers inspected the property but failed to pay Plaintiff's property damage claims.

On August 25, 2023, Plaintiff filed its complaint, asserting claims the Insurers for breach of contract and breach of the duty of good faith and fair dealing and seeking damages and attorney's fees. (Rec. Doc. 1). On October 30, 2023, the Insurers filed an answer and counterclaim for declaratory relief to compel arbitration. (Rec. Doc. 12). On November 14, 2023, the Insurers moved to opt out of the Court's Hurricane Ida Streamlined Settlement Program, and the Magistrate Judge granted the motion. (Rec. Docs. 13, 22). The Insurers filed the instant motion to compel arbitration on November 20, 2023, arguing that an arbitration clause contained in the Policy requires that this matter be referred to arbitration. (Rec. Doc. 18).

## **LEGAL STANDARD**

Louisiana law generally prohibits arbitration clauses. *See* La. Stat. Ann. § 22:868 ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state ... shall contain any condition, stipulation, or agreement ... [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer"). Nonetheless, the contract governing the set of policies issued by Defendants to Plaintiff includes an arbitration clause that nominally submits "[a]ll matters in difference between [the Insured] and [the Insurers] ... in relation to this insurance, including its formation and validity ... to an Arbitration Tribunal." (Rec. Doc. 18-1, at 4). The Policy also provides that the

arbitration "shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal." *Id.*

Because Louisiana law would prohibit enforcement of this arbitration clause, Defendants must rely on some preemptory law if this motion is to be granted. They find that law in a treaty known as the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").[2] The Convention, as implemented by Congress in 9 U.S.C. §§ 201 *et seq.*, requires this Court to conduct a "very limited inquiry" and enforce an arbitration clause if four criteria are met: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).[3]

## DISCUSSION

Here, it is undisputed that the second, third, and fourth requirements for compelling arbitration under the Convention are satisfied. The agreement provides for arbitration in a signatory nation: the United States. The agreement also arises out of a commercial legal relationship through the contract of insurance between plaintiffs and defendants. *See* 9 U.S.C. § 202. And finally, at least one party to the

---

[2] Where applicable, the Convention supersedes state law. *See McDonnel Grp., L.L.C. v. Great Lakes Ins. Se.*, 923 F.3d 427, 431–32 (5th Cir. 2019).

[3] The arbitration clause must also be otherwise valid, that is, not "inoperative or incapable of being performed." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1146 n.17 (5th Cir. 1985) (citation omitted).

3

agreement, Lloyds, is not a citizen of the United States, the subscribing syndicates are citizens of England, Wales, and Bermuda.

However, the parties dispute (1) whether there was a valid written agreement to arbitrate signed by both parties and (2) whether Louisiana R.S. § 22:868(A)(2) reverse-preempts the Federal Arbitration Act. Plaintiff alternatively asks that this Court, if it decides that the arbitration clause is enforceable, to also find that Louisiana law of remedies applies to the arbitration proceedings. (Rec. Doc. 23, at 17).

## I. Validity of the Arbitration Clause

Article II of the Convention provides, in relevant part, that "the term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams." New York Convention art. II, June 7, 1959, 330 U.N.T.S. 3. Here, the "agreement in writing" consists of an arbitral clause in the parties' insurance policy, which provides that the parties must submit "[a]ll matters in dispute" relating to the policy to arbitration. (Rec. Doc. 18-1, at 4).

Plaintiff argues that this arbitration clause is not an agreement in writing that can be enforced by the Convention because Plaintiff did not sign the arbitration clause or the contract containing the clause. (Rec. Doc. 23, at 4-13). Plaintiff relies on statutory construction to contend that the arbitration clause and arbitration agreement itself must each be signed by the parties or contained in an exchange of letters or telegrams. *Id.* at 7.

4

Plaintiff recognizes that this argument is foreclosed by the Fifth Circuit's holding in *Sphere Drake Insurance PLC v. Marine Towing, Inc. Id.* at 8 (citing 16 F.3d 666 (5th Cir. 1994)). In *Sphere Drake*, the Fifth Circuit construed Article II of the Convention to require either (1) an arbitral clause in a contract or (2) an arbitration agreement signed by the parties or contained in an exchange of letters or telegrams. 16 F.3d at 669. Because the insurance contract in that case indisputably contained an arbitral clause, the court concluded that a signature was not required. *Id.* at 670. The Fifth Circuit recently confirmed that this holding is binding on this court; in *Neptune Shipmanagement Servs. PTE, Ltd. v. Dahiya*, the court noted that, although other circuits have rejected *Sphere Drake*'s approach, "Fifth Circuit caselaw holds that Article II does not require a signature when the arbitration clause is part of a broader contract." 15 F.4th 630, 638 (5th Cir. 2021). There has been no intervening change in law that would authorize this Court to find otherwise. *See Ashi Houma Hotels, LLC v. Independent Specialty Insurance Company*, No. 22-5289, 2023 WL 2263822, at *3 (E.D. La. Feb. 28, 2023) (rejecting the same argument).

Accordingly, this Court finds that the arbitration clause in the insurance contract here is a valid agreement to arbitrate, and therefore the agreement is enforceable under the Convention.

**II.     Reverse Preemption**

Plaintiff argues that, under the McCarran-Ferguson Act which allows state laws regulating insurance to be shielded from the preemptive effect of federal law, Louisiana Revised Statute § 22:868(A) "reverse-preempts" the enforceability of the

5

arbitration clause here. (Rec. Doc. 23, at 14). In pertinent part, § 22:868(A) states that "[n]o insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement ... [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer." However, § 22:868(D) provides an exception to that rule: "The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance." Plaintiff argues that, because § 22:868(A)(2) prohibits insurance contracts from depriving courts of jurisdiction or venue against the insurer, the arbitration clause here is rendered "null and void." (Rec. Doc. 23, at 15-16). Plaintiff's argument fails for two reasons.

First, as Defendants note, surplus lines insurance policies are not subject to approval by the Department of Insurance, so § 22:868(D) allows insureds and their insurers to agree to resolve disputes in a venue of their choice, including an arbitral venue. (Rec. Doc. 26, at 8-9). Under Louisiana law, surplus lines insurance policies, like the Policy here, are not subject to the approval of the Louisiana Department of Insurance. *See* La. Rev. Stat. § 22:446. Thus, the issue before the Court is whether the arbitration clause here is a forum or venue selection clause. The United States Supreme Court and the Louisiana Supreme Court have concluded that an arbitration clause is a type of forum or venue selection clause. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974) ("An agreement to arbitrate before a specified tribunal is, in

6

effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute"); *Donelon v. Shilling*, 340 So. 3d 786, 790 n.6 (La. 2020) ("An arbitration clause has been characterized by this court as a type of venue selection clause.") (citing *Hodges v. Reasonover*, 103 So.3d 1069, 1076 (La. 2012)). Thus, under § 22:868(D), surplus lines insurers may include forum and venue selection clauses, including arbitration clauses like the one here, in their policies. This finding comports with the conclusions of several other sections of this court. *Heart 2 Heart Fam. Worship Ctr. v. Indep. Specialty Ins. Co.*, No. 23-471, 2023 WL 8494536 (E.D. La. Nov. 1, 2023) (collecting cases).

Second, in *Safety National Casualty Corporation v. Certain Underwriters at Lloyd's, London*, the Fifth Circuit, sitting *en banc*, squarely addressed whether, under the McCarran-Ferguson Act, La. R.S. 22:868 reverse-preempted the Convention. 587 F.3d 714 (5th Cir. 2009). The court concluded that it did not, because an "Act of Congress" as referred to in the McCarran-Ferguson Act, does not include a treaty such as the Convention, which is "an international agreement or contract negotiated by the Executive Branch and ratified by the Senate, not by Congress." *Id.* at 723. Therefore, the Convention supersedes state law, and "the McCarran-Ferguson Act does not permit state laws to reverse-preempt the Convention." *McDonnel Grp.*, 923 F.3d at 432 (citing *Safety National*, 587 F.3d at 732). Therefore, because arbitration clauses may be included in surplus lines insurance policies and because state law does not "reverse-preempt" the Convention, the Court finds that this dispute must be resolved in arbitration, as required by the Policy language.

### III. Choice of Law

Finally, Plaintiff requests that the Court issue a ruling that Louisiana law governs the arbitration proceedings in this case. However, at this stage of the case, the Court must engage in "only a very limited inquiry" confined to determining the applicability of the New York Convention to the arbitration clause at issue here. *See Freudensprung*, 379 F.3d at 339. Thus, the arbitrators may decide the question of the choice of law in this case.

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion to Compel Arbitration and Stay, or Alternatively, Dismiss Proceedings* **(Rec. Doc. 18)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED,** pending a final decision by the Arbitration Tribunal. If any issues remain after a final judgment by the Arbitration Tribunal, any party may file a written motion for leave to reopen this matter.

New Orleans, Louisiana, this 19th day of January, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE